**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| **MARVIN CARROLL,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 14-921** |
| **v.** | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Marvin Carroll ("Plaintiff") seeks judicial review under 42 U.S.C. §§ 405(g) and

1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the

"Commissioner") denying his applications for disability insurance benefits ("DIB") and

Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for

remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 16).[1]  Plaintiff

contends that the administrative record does not contain substantial evidence to support the

Commissioner's decision that he is not disabled.  No hearing is necessary.  L.R. 105.6.  For the

reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as
a procedural means to place the district court in position to fulfill its appellate function, not as a
device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards."
*Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary
judgment accompanied by a remand to the Commissioner results in a judgment under sentence
four of 42 U.S.C. § 405(g), which is immediately appealable."  *Id.*

**I**

**Background**

Plaintiff was born in 1962, has a high-school education, and previously worked as a concrete finisher. R. at 131, 136. On January 26, 2011, Plaintiff applied for DIB and SSI, alleging disability beginning on February 15, 2008, due to herniated discs and back and leg injuries. R. at 115-24, 135. The Commissioner denied Plaintiff's applications initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 58-74. On January 8, 2013, ALJ C.J. Sturek held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified. R. at 27-52. On January 23, 2013, the ALJ issued a decision finding Plaintiff not disabled since the alleged onset date of disability of February 15, 2008. R. at 9-26. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on January 24, 2014. R. at 1-8. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On March 25, 2014, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of Evidence

### A.    State Agency Medical Consultants

On March 29, 2011, a state agency consultant, H. Stevens, M.D., assessed Plaintiff's physical residual functional capacity ("RFC").  R. at 237-44.  Dr. Stevens opined that Plaintiff could (1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total of at least two hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling.  R. at 238.  Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds).  R. at 239.  Plaintiff had no manipulative, visual, communicative, or environmental limitations, however.  R. at 240-41.

On December 22, 2011, another state agency medical consultant, Thomas Lauderman, D.O., also assessed Plaintiff's physical RFC.  R. at 318-25.  Dr. Lauderman opined that Plaintiff could (1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (2) stand and/or walk for a total of at least two hours in an eight-hour workday; (3) sit for about six hours in an eight-hour workday; and (4) perform unlimited pushing and/or pulling.  R. at 319.  Plaintiff occasionally could balance, stoop, kneel, crouch, crawl, and climb ramps and stairs (but never ladders, ropes, or scaffolds).  R. at 320.  Although he had no manipulative, visual, or communicative limitations, Plaintiff was to avoid moderate exposure to hazards and concentrated exposure to extreme heat, cold, and vibration.  R. at 321-22.

### B.    Pamela Krinsky, CRNP

On October 12, 2011, Pamela Krinsky, a nurse practitioner, opined that Plaintiff could never climb, bend, squat, or crawl.  R. at 315.  In an eight-hour workday, he could sit, stand, and

walk for one hour each.  R. at 315.  Plaintiff could reach for two hours.  R. at 315.  He frequently

could lift and carry ten pounds.  R. at 315.  Plaintiff could be exposed occasionally to extreme

cold and humidity and frequently to extreme heat, chemicals, dust, fumes/odors, noise, and

heights.  R. at 315.  He could use his hands for simple grasping and fine manipulation but not for

pushing.  R. at 315.  Ms. Krinsky ultimately opined that Plaintiff's medical condition prevented

him from working in any employment until November 1, 2012.  R. at 317.

## C.      Hearing Testimony

### 1.      Plaintiff's Testimony

In his decision, the ALJ reviewed Plaintiff's testimony:

> At the hearing, [Plaintiff] stated that he has a back impairment, as well as
> hypertension, and that he has gained considerable weight since the alleged onset
> date.  He also stated that his back pain forced him to stop work in early 2008, and
> that his pain radiates from his back down his left leg.  He testified that he takes
> Tramadol and Tylenol to manage his pain, and that his doctor has recommended
> back surgery.  His pain medications are generally effective, but he takes Tramadol
> only at night because it makes him drowsy.  [Plaintiff] also testified that his pain
> makes it difficult for him to sleep at night, and that his hypertension is effectively
> controlled by medication.

> [Plaintiff] further testified that his impairments radically limit his
> exertional capabilities.  He stated that he must alternate between sitting and
> standing every 15-20 minutes.  He also testified that he can: walk for about 15-20
> minutes at one time; bend over and touch his knees; push and pull using his upper
> and lower extremities; raise his arms; ascend or descend the 10-step staircase to
> his home about three times a day; and lift no more than 5 pounds.  According to
> [Plaintiff], he cannot bend his knees while standing, and has difficulty walking
> because the lower half of his left leg is numb.  [Plaintiff] used a cane to ambulate
> into the hearing room, but admitted that the cane was not prescribed.

> [Plaintiff] stated that he leads a sedentary lifestyle, and relies heavily on
> his niece to perform basic household chores. He reportedly has a driver's license
> and drives about two miles to the local convenience store on a semi-regular basis.
> However, his niece does his grocery shopping, cooks his meals, cleans his home,
> and does his laundry.  [Plaintiff] stated that he watches television for the vast
> majority of the day, and that he can concentrate on the television for extended
> periods.  He reportedly makes his bed and visits his mother occasionally; he is
> comfortable travelling in a car, so long as he can recline the front seat.

R. at 17; *see* R. at 30-48.

### 2.   VE Testimony

The VE classified Plaintiff's past work as he performed it as medium and semi-skilled.[2]

R. at 35.  A person could perform less than the full range of sedentary and light work if that

person could lift and carry no greater than 10 pounds frequently or 20 pounds occasionally, walk

or stand for two hours in an eight-hour workday for 15 to 30 minutes at a time, and sit for up to

six hours in an eight-hour workday for 15 to 30 minutes at a time.  R. at 48.  The VE testified

that, if a person's productivity decreased by 20% because of the cumulative effects of the

person's limitations, then that person would not be employable.  R. at 49.  In response to a

question by the ALJ regarding a hypothetical fifty-year-old individual with a high-school

education and certain exertional and non-exertional limitations that did not limit productivity

more than 80% of the time, the VE testified that the individual could perform the light, unskilled

jobs of packer and packaging worker or grading and sorting worker.  R. at 48-50.  The individual

also could perform the sedentary, unskilled jobs of quality-control worker or finish machine

tender.  R. at 50.  If the ALJ considered Plaintiff's testimony to be fully credible, however, then

Plaintiff could not perform any full-time work.  R. at 51.

### III

### Summary of ALJ's Decision

On January 23, 2013, the ALJ found that Plaintiff (1) had not engaged in substantial

gainful activity since the alleged onset date of disability of February 15, 2008; and (2) had an

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c), 416.967(c).  "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties."  *Id.* §§ 404.1568(b), 416.968(b).

impairment or a combination of impairments considered to be "severe" on the basis of the
requirements in the Code of Federal Regulations; but (3) did not have an impairment or a
combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R.
pt. 404, subpt. P, app. 1; and (4) was unable to perform his past relevant work; but (5) could
perform other work in the national economy, such as a packaging worker, grading/sorting
worker, quality-control worker, or finish machine tender.  R. at 15-22.  The ALJ accordingly
found that he was not disabled from February 15, 2008, through the date of the decision.  R. at
22.

> In so finding, the ALJ found that Plaintiff had the RFC
>
> to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with the
> following exceptions.  [Plaintiff] must alternate between sitting and standing
> every 15-30 minutes; however, he can walk/stand for a total of 2 hours in an 8-
> hour workday, and sit for a total of 6 hours in an 8-hour workday.  He can only
> occasionally climb stairs or ramps, balance, bend or stoop, kneel, or crouch, or
> squat.  He can never climb ladders, ropes, or scaffolds, or crawl, and must avoid
> concentrated exposure to extreme temperatures, vibration, and/or hazards such as
> moving machinery and unprotected heights.  The pain associated with [Plaintiff's]
> physical impairments, as well as the side effects of his medications, limit his
> ability to keep up with work tasks, but do not decrease his productivity level by
> 20 percent or more.

R. at 16.

Regarding Plaintiff's credibility, the ALJ found that his medically determinable
impairments "can reasonably be expected to cause his alleged symptoms; however, [his]
statements concerning the intensity, persistence, and limiting effects of these symptoms are not
entirely credible."  R. at 17.  The ALJ found that Plaintiff's

> contemporary statements regarding the severity of his pain and the absence of
> treatment records for a significant period after October 2009 further indicate that
> his condition improved after initial diagnostic studies showed a disc herniation in
> 2008.  As early as January 2009 [Plaintiff] stated that his "[h]is pain is better" and
> his symptoms remained unchanged throughout 2009.  Moreover, the record shows
> that [Plaintiff] did not consult with a physician about his back impairment

between October 2009 and Summer 2011, which [suggests] that his impairment continued to improve for almost three years after October 2008.

R. at 18 (alteration in original) (citation omitted); *see* R. at 214-32.

## IV

## <u>Disability Determinations and Burden of Proof</u>

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."   42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.   20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.   20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work.   20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4).   RFC is a measurement of the most a claimant can do despite his or her limitations.  *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. §§ 404.1521(b), 416.921(b).   These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

§§ 404.1545(a)(1), 416.945(a)(1).   The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."   20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations.   *See id.*   If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled.   *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience.   *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy.   *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled.   If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled.   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**V**

**Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security

Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).  Pl.'s Mem. Supp. Mot. Summ. J. 3-11,

ECF No. 14-1 (citing, *inter alia*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271-72 (D. Md.

2003)).  He maintains that the ALJ failed to perform properly a function-by-function assessment

of his ability to perform the physical and mental demands of work.  *Id.* at 6.  In particular,

Plaintiff asserts that the ALJ failed to evaluate pertinent evidence, his need for an assistive

device, Ms. Krinsky's October 2011 opinion, his condition after October 2009, and the

combination of his impairments.  *Id.* at 6-11.

> SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC
>
> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.  "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy."  The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted)

(citations omitted).  The Fourth Circuit has held, however, that a per se rule requiring remand

when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637.

Plaintiff contends that the ALJ's failure to address Ms. Krinsky's October 2011 opinion in his decision warrants remand because "it is impossible to determine whether this evidence was properly rejected, or simply ignored." Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 14-1. Defendant maintains, however, that Ms. Krinsky's opinion regarding Plaintiff's limitations is inconsistent with the objective medical evidence cited by the nurse practitioner. Def.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 16-1.

The Commissioner "must consider all the evidence and explain on the record the reasons for [her] findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). "Even if legitimate reasons exist for rejecting or discounting certain evidence, the [Commissioner] cannot do so for no reason or for the wrong reason." *Id.* The Court "cannot determine if findings are unsupported by substantial evidence unless the [Commissioner] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).

> Unless the [Commissioner] has analyzed all evidence and has sufficiently
> explained the weight [she] has given to obviously probative exhibits, to say that
> [her] decision is supported by substantial evidence approaches an abdication of
> the court's "duty to scrutinize the record as a whole to determine whether the
> conclusions reached are rational."

*Id.* at 236 (quoting *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977)).  The duty of explanation is satisfied "[i]f a reviewing court can discern 'what the ALJ did and why he did it.'"  *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (quoting *Lane Hollow Coal Co. v. Dir., OWCP*, 137 F.3d 799, 803 (4th Cir. 1998)).

Here, the Court cannot say that the ALJ's error in failing to discuss and weigh Ms. Krinsky's findings regarding Plaintiff's functional capacity was harmless.  The Court "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."  *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).  In other words, "[l]ong-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009); *see Ai Hua Chen v. Holder*, 742 F.3d 171, 180 (4th Cir. 2014) (reviewing court must judge propriety of agency action solely by grounds invoked by agency).  "[T]he fact that the [ALJ], had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless.  Had [he] considered it carefully, [he] might well have reached a different conclusion."  *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (Posner, J.).  As noted above, an ALJ must explain on the record the weight given to all of the relevant evidence and the reason for rejecting such evidence in support of the claim.  Accordingly, the Court **REMANDS** this case to the Commissioner for further proceedings for her to do so.  The Court need not

consider the other issues raised by Plaintiff.  *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d

337, 342 n.3 (4th Cir. 2012) (holding that ALJ committed legal error and accordingly declining

to address ALJ's credibility findings or likely weight of evidence on remand); *Hardy v. Colvin*,

Civil Action No. TMD 11-02793, 2013 WL 4478025, at *4 n.3 (D. Md. Aug. 19, 2013).

## VII

## Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 16) is

**DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.  Plaintiff's

alternative motion for remand (ECF No. 14) is **GRANTED**, and this matter is **REMANDED** for

further proceedings.  A separate order shall issue.


Date: August 20, 2015                                                              /s/
                                                        Thomas M. DiGirolamo
                                                        United States Magistrate Judge